1  RON BENDER (SBN 143364)
   DAVID B. GOLUBCHIK (SBN 185520)
2  KRIKOR J. MESHEFEJIAN (SBN 255030)
   LEVENE, NEALE, BENDER, RANKIN & BRILL L.L.P.
3  10250 Constellation Blvd., Suite 1700
4  Los Angeles, California 90067
   Telephone:  (310) 229-1234
5  Facsimile:   (310) 229-1244
   E-mail:     rb@lnbrb.com; dbg@lnbrb.com; kjm@lnbrb.com
6
7  Attorneys for Chapter 11
   Debtor and Debtor in Possession

8

9              UNITED STATES BANKRUPTCY COURT

10             CENTRAL DISTRICT OF CALIFORNIA

11                  LOS ANGELES DIVISION

12

13  In re                                  )  Case No. 2:08-bk-20830-BR
                                           )
14  YARI FILM GROUP, LLC,                  )  Chapter 11
                                           )
15        Debtor and Debtor in Possession. )  **NOTICE OF MOTION AND MOTION OF
                                           )  DEBTOR TO APPROVE DISMISSAL OF
16                                         )  DEBTOR'S CHAPTER 11 BANKRUPTCY
                                           )  CASE; MEMORANDUM OF POINTS AND
17                                         )  AUTHORITIES; DECLARATIONS OF
                                           )  DENNIS BROWN AND KRIKOR J.
18                                         )  MESHEFEJIAN IN SUPPORT THEREOF**
                                           )
19                                         )
                                           )
20                                         )  Hearing:
                                           )   Date:  February 10, 2010
21                                         )   Time:  10:00 a.m.
                                           )   Place:  Courtroom 1375
22                                         )           255 E. Temple St.
                                           )           Los Angeles, CA
23  _____)

24

25

26

27

28

                            1

[

**PLEASE TAKE NOTICE THAT** a hearing will be held on February 10, 2010 at 10:00 a.m. before the Honorable Barry Russell, United States Bankruptcy Judge, in Courtroom 1375, located at 255 E. Temple St., Los Angeles, CA, to consider the motion (the "Motion") filed by Yari Film Group, LLC, the debtor and debtor in possession in the above-referenced Chapter 11 bankruptcy case (the "Debtor"), for  an order approving the dismissal of the Debtor's Chapter 11 bankruptcy case and authorizing the distribution of the estate's remaining funds to holders of claims in accordance with the priority scheme of the Bankruptcy Code.

The complete bases for the Motion are set forth in the annexed Memorandum of Points and Authorities, and Declarations of Dennis Brown and David B. Golubchik, exhibits thereto, the statements, arguments and representations of the parties to be made at the hearing on the Motion, if any, and any other evidence properly presented to the Court.

**PLEASE TAKE FURTHER NOTICE** that any opposition to the Motion must be in writing and filed with the Clerk of the Bankruptcy Court and served upon counsel for the Debtor at the address set forth in the upper left-hand corner of the first page of this Motion not later than fourteen (14) days after the service of this Motion.  The failure to timely file an objection and a request for a hearing may be deemed by the Court to constitute consent to the relief requested in the Motion.

**WHEREFORE,** the Debtors respectfully request that the Court enter an order:

1.      Approving the immediate dismissal of the Chapter 11 bankruptcy case;

2.      Authorizing the Debtor to distribute all of the remaining funds in the estate as set forth herein,

2

1    3.    Granting such other and further relief as the Court deems just and proper

2 under the circumstances of this case.

3 Dated: January 19, 2010                          YARI FILM GROUP, LLC

4

5                                          By: _*/s/ Krikor J. Meshefejian*_____
                                               Ron Bender
6                                              David Golubchik
                                               Krikor J. Meshefejian
7                                              LEVENE, NEALE, BENDER,
                                               RANKIN & BRILL L.L.P.
8                                              Attorneys for Chapter 11
9                                              Debtor and Debtor in
                                               Possession
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### STATEMENT OF RELEVANT FACTS

A.    Description and History of the Debtor's Business and a Summary of

the  Circumstances that Led to the Initiation of the Debtor's Chapter 11 Case.

The Debtor was an overhead servicing company providing such services to a diverse group of affiliated, but legally separate, entities that are in the business of financing, producing and distributing independent films.  The Debtor's sole function was to hire and compensate employees, purchase supplies and generally keep business doors open.  Although the Debtor attempted to reorganize as a going concern entity, the Debtor determined that cessation of operations was necessary and proper.  Without operations, the Debtor sought to simply sell its assets.

On July 18, 2008 (the "Petition Date"), an involuntary bankruptcy petition under Chapter 7 of the Bankruptcy Code was filed against the Debtor by certain petitioning creditors. The Debtor opposed the involuntary petition, filing a motion to dismiss the case which was denied by the Court.  On December 11, 2008, the Court entered an order for relief in this case (the "Order for Relief"), thereby commencing a Chapter 7 case.  On December 12, 2008, the Debtor filed its motion to convert the Chapter 7 case to one under Chapter 11 of the Bankruptcy Code.  On December 16, 2008, the Court entered its Order granting the Debtor's motion to convert the case.  Following conversion, the Debtor had been operating its business and managing its financial affairs as a debtor and debtor in possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

B.    Sale of the Debtor's Assets.

On March 27, 2009, the Debtor filed a Notice of Motion and Motion To (1) Sell Personal Property Subject To Overbid; and (2) Reject Unexpired Leases And Executory

4

[

Contracts (the "Sale and Rejection Motion"). The Debtor's assets consisted primarily of its name (Yari Film Group), fixtures, furnishings and equipment (the "Property"). No secured claims have been asserted with respect to the Property. The Debtor obtained a valuation of its Property to determine its fair market value. As set forth therein, the orderly liquidation value of the Property was determined to be $42,000.

In addition to the foregoing Property, the Debtor owned a membership in the Independent Film & Television Alliance (the "Membership), whose annual dues of $6,000 was paid by an affiliate of the Debtor. The Debtor believes that the Membership has no actual cash value.

Davand Holdings, LLC ("Davand") agreed to purchase the Property described above, subject to overbid, for a total price of $50,000 plus waiver of the Post-Petition Advance in its as-is, where-is condition with no representations or warranties, but provided that Davand is deemed to be a good faith purchaser entitled to the protections of Section 363(m) of the Bankruptcy Code. Also pursuant to the Sale and Rejection Motion, the Membership would be assigned and transferred to Bob Yari Productions ("BYP").

On April 28, 2009, the Court held a hearing on the unopposed Sale and Rejection Motion and approved the Debtor's sale of the Property to Davand free and clear of all liens, and an assignment and transfer of the Membership to BYP. The order approving the sale transaction was entered on June 17, 2009. In exchange, the Debtor received $50,000 as consideration for the purchase, which funds are held in Debtor's counsel's trust account pending further order of this Court.

C.      Rejection of Leases and Contracts.

The Debtor was a party to three (3) nonresidential real property leases with respect to its business premises with Avco Center as the landlord. Additionally, the Debtor was a party to

1    four (4) equipment leases with Xerox Corporation and one (1) postage meter lease with Pitney

2    Bowes.

3            Based on the fact that the Debtor ceased operating, it had no further use for an office

4    lease, equipment leases and the postage meter lease.  As a result, the Debtor determined, in the

5    exercise of its reasonable business judgment, that all such executory contracts and unexpired

6    leases should be immediately rejected.  Thus, the Debtor's Sale and Rejection Motion sought to

7    reject these leases and contracts.  On April 28, 2009, the Court held a hearing on the Sale and

8    Rejection Motion and granted that Motion.  By order entered on June 17, 2009, the above-

9    referenced leases and contracts have been deemed rejected.

10

11           D.      Administrative Matters.

12           The Debtor was required to address the various administrative matters attendant to the

13    commencement of this bankruptcy case, which required an extensive amount of work by the

14    Debtor's principals and the Debtor's bankruptcy counsel.    These matters included the

15    preparation of the Debtor's Schedules of Assets and Liabilities and Statement of Financial

16    Affairs and amendments thereto, and the preparation of the materials required by the OUST,

17    including, without limitation, the 7-Day Package for the Debtor.  The Debtor has made every

18    effort to comply with the Debtor's duties under 11 U.S.C. Sections 521, 1106 and 1107 and all

19    applicable OUST guidelines, including the filing of the Debtor's monthly operating report with

20    the OUST and payment of OUST quarterly fees.  The Debtor also attended the Debtor's initial

21    interview with the OUST, and the meeting of creditors required under 11 U.S.C. § 341(a).

22

23           E.      Settlement of Administrative Claim Held By Sulmeyer Kupetz ("SK").

24           In or about July 2008, SK was retained by certain petitioning creditors ("Petitioning

25    Creditors") to file and, if necessary, prosecute an involuntary chapter 7 petition under

26    Bankruptcy Code section 303 against the Debtor.    The chapter 7 involuntary petition was

27

28

thereafter filed against the Debtor on July 18, 2008.  The petition was contested and SK, on behalf of the Petitioning Creditors, rendered services in prosecution of the petition which ultimately led to the entry of an order for relief against the Debtor on December 11, 2008. Debtor thereafter converted the case to one under chapter 11 of the Bankruptcy Code.

After the filing of the Plan, SK filed an application (the "SK Application") for allowance of compensation for professional services rendered on behalf of the Petitioning Creditors in connection with the case, covering the period from July 16, 2008 through December 11, 2008.  The amount sought by way of the SK Application is $95,337.93, representing $86,685.50 in fees and $8,652.43 in costs. On November 20, 2009, the Court entered an order approving the SK Application.

Prior to the commencement of the case, Debtor caused to be deposited with SK, on behalf of one of the Petitioning Creditors, the sum of $27,500 (the "Deposit"), which amount was deposited with SK pursuant to a writ of attachment issued by the Superior Court.  The writ was issued in connection with an action commenced by The Cimarron Group against the Debtor and Yari Film Group Releasing, LLC ("YFGR"), a related entity that is also a chapter 11 debtor before this Court.  The monies deposited with SK were funds borrowed by the Debtor from YFGR pre-petition.  SK has agreed to accept the Deposit towards satisfaction of its claim for purposes of dismissal, and will not receive any further distributions from the Distribution Funds.

F.      Submission and Withdrawal of the Plan.

On July 1, 2009, the Debtor filed a Chapter 11 Plan of Liquidation (the "Plan").  The Plan established two voting classes.  Class 1, which consisted of priority unsecured claims pursuant to 11 U.S.C. § 507(a)(4), voted in favor of the Plan.  Class 1 claims were held by an insider of the Debtor.  Class two claims consisted of general unsecured claims.  While the Debtor obtained the requisite number of votes of Class 2 creditors, the Debtor had not obtained

1  the requisite dollar amount of votes in favor of the Plan.  Thus, the Debtor did not have an

2  impaired consenting non-insider class of creditors that voted in favor of the Plan.

3         At the hearing on the confirmation of the Debtor's Plan, the Debtor expressed to the

4  Court the Debtor's intent to dismiss its bankruptcy case and also withdrew the Debtor's Plan.

5  Accordingly, on December 4, 2009, the Debtor filed a Notice of Withdrawal of Debtor's

6  Liquidating Plan, and has now filed this Motion to dismiss the bankruptcy case.

7         G.      Current Status of Case and Basis for Dismissal.

8         The estate is comprised of $50,000 in cash.  In addition, Sulmeyer Kupetz ("SK") is

9  holding approximately $27,500 on account of a pre-petition writ of attachment, which was

10  funded by the Debtor through proceeds advanced to the Debtor by its affiliate, Yari Film Group

11  Releasing, LLC.  As a result, the best case scenario is that the estate is comprised of $77,500.

12
13         Notwithstanding the foregoing, and excluding the general unsecured claims, the

14  following administrative and priority claims exist:

15         Sulmeyer Kupetz ("SK") Ch. 11 admin. expense claim      -      $95,337.93

16         Levene, Neale, Bender et al. Ch. 11 admin expense claim   -      $76,182.14[1]

17         Pitney Bowes Ch. 11 admin. expense claim            -      $ 3,416.10

18         Total Ch. 11 administrative expense claims          -      $174,936.17

19
20         In addition to the foregoing, priority wage claims total approximately $103,223.06[2], and

21  priority tax claims of the City of Los Angeles (Claim Nos. 110 and 111) total $9,913.01.  These

22  wage and tax claims are entitled to priority over general unsecured creditors.  Based on the

23  foregoing, before any funds can be distributed to general unsecured creditors, at least

24  $**288,072.24** in administrative and unsecured priority claims must be paid.  It is also clear that

25
26  ─────────────────────

27  [1] This amount reflects time billed through January 7, 2010.  After application of available retainer on conversion
date ($27,300.07) to the total amount, $48,882.07 remains unpaid.  Additional fees and costs will be incurred
through the date of hearing on the Motion.

28
[2] Davand has purchased and obtained the assignment of the priority wage claims of the Debtor's employees.

8

[

insufficient funds exist in the estate to satisfy such claims based on the fact that assets of the estate have already been liquidated.  As a result, this estate is administratively insolvent.

In light of the foregoing, estate funds would be distributed as follows:

    a.    $27,500 currently held by SK will be released to SK on account of its

          administrative claim;

    b.    $ 3,416.10 will be distributed to Pitney Bowes; and

    c.    $46.583.90 will be distributed to LNBRB.

Based on the foregoing, the Debtor believes that there is nothing to be accomplished by continuing in Chapter 11 or converting to Chapter 7.  The Debtor, therefore, believes that dismissal of the case and distribution of funds in the accordance with the priority scheme of the Bankruptcy Code is appropriate in this case.

## II.

## <u>DISCUSSION</u>

A.    <u>Cause Exists To Dismiss The Debtor's Chapter 11 Case.</u>

Section 1112(b) of the Bankruptcy Code provides in relevant part as follows:

> [O]n request of a party in interest, and after notice and a hearing,
> . . . the court shall convert a case under this chapter to a case
> under chapter 7 or dismiss a case under this chapter, whichever is
> in the best interests of creditors and the estate, if the movant
> establishes cause.

11 U.S.C. § 1112(b).

Section 1112(b)(4)(A) provides that "cause" for dismissal exists if there is a "substantial or continuing loss to or diminution of the estate and absence of a reasonable likelihood of rehabilitation."  As noted above, other than the minimal cash on hand, the Debtor does not believe there are any assets of value remaining in the Debtor's estate and, therefore, no assets which may benefit general unsecured creditors herein. Since the Debtor has no remaining business operations and no cash or any assets of value which can be liquidated for

9

the benefit of the general unsecured creditors, the example of "cause" set forth in 11 U.S.C. § 1112(b)(4)(A) is easily satisfied.  The continuing accrual of administrative costs without business operations has resulted in a "substantial…diminution of the estate."  In addition, given the sale of substantially all assets of the estate, as discussed above, there is no reasonable likelihood of rehabilitation of the Debtor's business.  Based on the foregoing, the Debtor respectfully submits that "cause" has been established to dismiss the Debtor's bankruptcy case under 11 U.S.C. § 1112(b)(4)(A).

Although Section 1112(b)(4) lists examples of "cause" for the dismissal or conversion of a chapter 11 bankruptcy case, the legislative history explains that the list is not exhaustive and that courts "will be able to consider other factors as they arise, and to use their equitable powers to reach an appropriate result in individual cases."  H. Rep. 595, 95th Cong., 1st Sess. 406 (1977).  Although not listed as an example of "cause" in Section 1112(b)(4), the Debtor's inability to effectuate a plan constitutes further cause to dismiss the Debtor's case.  Given the lack of a viable business, the Debtor is not in a position to propose and confirm a plan of reorganization.  Furthermore, given the paucity of assets remaining in the estate, and the large amount of unpaid claims asserted against the Debtor's estate, the Debtor simply does not have the ability to propose and confirm a feasible plan of liquidation in connection with this chapter 11 case.

Based on the foregoing, the Debtor respectfully submits that "cause" exists under 11 U.S.C. § 1112(b) for the dismissal of the Debtor's chapter 11 bankruptcy case.

**B.      Dismissal Of The Debtor's Case Is In The Best Interest Of Creditors And The Estate.**

Once cause for relief under Section 1112(b) has been established, that section offers a choice between converting the chapter 11 case to a case under chapter 7, or outright dismissal,

"whichever is in the best interest of creditors and the estate."  11 U.S.C. § 1112(b).  The Bankruptcy Code does not define the phrase "best interest of creditors and the estate."  Under the circumstances, the Debtor respectfully submits that dismissal of the Debtor's case is in the best interest of creditors and its estate.  Given that there are no assets in the Debtor's estate to administer, conversion of the case to chapter 7 will not result in any benefit to creditors, but will only result in additional administrative expenses and further dilution of estate assets.  Based on all of the foregoing, the Debtor respectfully submits that dismissal of the Debtor's case is in the best interest of creditors and the estate.

**C.**     **Payment Of U.S. Trustee Quarterly Fees.**

To the extent that any quarterly fees are due and owing to the Office of the United States Trustee, the Debtor agrees to make such payments as a condition to the dismissal of this case.

### III.

### CONCLUSION

The Debtor submits that "cause" exists for the Court to grant the relief requested by the Debtor and that doing so is in the best interest of the estate.  The Debtor therefore respectfully requests that the Court:

1.     Approve the immediate dismissal of the Debtor's Chapter 11 bankruptcy case;

2.     Authorize the Debtor to distribute the remaining funds in the estate; and

/ / /

/ / /

/ / /

/ / /

11

1        3.      Grant such other and further relief as the Court deems just and proper under the

2    circumstances of this case.

3    Dated:  January 19, 2010                    YARI FILM GROUP, LLC

4

5                                                By:_____*/s/ Krikor J. Meshefejian*_____

6                                                      Ron Bender
                                                      David Golubchik
7                                                      Krikor J. Meshefejian
                                                      LEVENE, NEALE, BENDER,
8                                                      RANKIN & BRILL L.L.P.
                                                      Attorneys for Chapter 11
9                                                      Debtor and Debtor in
                                                      Possession
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[

## <u>DECLARATION OF DENNIS BROWN</u>

I, Dennis Brown, declare as follows:

1.      Except as otherwise indicated, I have personal knowledge of the facts set forth herein, and if called as a witness, could and would testify competently with respect thereto.

2.      I am the Chief Financial Officer of Yari Film Group, LLC, the debtor and debtor in possession in the above-referenced Chapter 11 case (the "Debtor").

A.      <u>Description and History of the Debtor's Business and a Summary of</u>

     <u>the  Circumstances that Led to the Initiation of the Debtor's Chapter 11 Case</u>

3.      The Debtor was an overhead servicing company providing such services to a diverse group of affiliated, but legally separate, entities that are in the business of financing, producing and distributing independent films.  The Debtor's sole function was to hire and compensate employees, purchase supplies and generally keep business doors open.  Although the Debtor attempted to reorganize as a going concern entity, the Debtor determined that cessation of operations was necessary and proper.  Without operations, the Debtor sought to simply sell its assets.

4.      An involuntary bankruptcy petition under Chapter 7 of the Bankruptcy Code was filed against the Debtor by certain petitioning creditors.  The Debtor opposed the involuntary petition.  After the Court entered an order for relief in this case (the "Order for Relief"), the Debtor filed its motion to convert the Chapter 7 case to one under Chapter 11 of the Bankruptcy Code.  Following conversion, the Debtor had been operating its business and managing its financial affairs as a debtor and debtor in possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

B.      <u>Sale of the Debtor's Assets</u>

5.      The Debtor's assets consisted primarily of its name (Yari Film Group), fixtures,

furnishings and equipment (the "Property"). The Debtor obtained a valuation of its Property to determine its fair market value. As set forth therein, the orderly liquidation value of the Property was determined to be $42,000.

6. In addition to the foregoing Property, the Debtor owned a membership in the Independent Film & Television Alliance (the "Membership), whose annual dues of $6,000 was paid by an affiliate of the Debtor. The Debtor believes that the Membership has no actual cash value.

7. Davand Holdings, LLC ("Davand") agreed to purchase the Property described above, subject to overbid, for a total price of $50,000 plus waiver of the Post-Petition Advance in its as-is, where-is condition with no representations or warranties. Also pursuant to the Sale and Rejection Motion, the Membership would be assigned and transferred to Bob Yari Productions ("BYP").

8. The Court approved the sale of the Debtor's assets and the Debtor received $50,000 as consideration for the sale, which funds are held in Debtor's counsel's trust account pending further order of this Court.

C.    Rejection of Leases and Contracts

9. The Debtor was a party to three (3) nonresidential real property leases with respect to its business premises with Avco Center as the landlord. Additionally, the Debtor was a party to four (4) equipment leases with Xerox Corporation and one (1) postage meter lease with Pitney Bowes.

10. Based on the fact that the Debtor ceased operating, it had no further use for an office lease, equipment leases and the postage meter lease. As a result, the Debtor determined, in the exercise of its reasonable business judgment, that all such executory contracts and unexpired leases should be immediately rejected.

14

D.     Administrative Matters

11.     The Debtor was required to address the various administrative matters attendant to the commencement of this bankruptcy case, which required an extensive amount of work by the Debtor's principals and the Debtor's bankruptcy counsel.  These matters included the preparation of the Debtor's Schedules of Assets and Liabilities and Statement of Financial Affairs and amendments thereto, and the preparation of the materials required by the OUST, including, without limitation, the 7-Day Package for the Debtor.  The Debtor has made every effort to comply with the Debtor's duties under 11 U.S.C. Sections 521, 1106 and 1107 and all applicable OUST guidelines, including the filing of the Debtor's monthly operating report with the OUST and payment of OUST quarterly fees.  I also attended the Debtor's initial interview with the OUST on behalf of the Debtor, and the meeting of creditors required under 11 U.S.C. § 341(a).

E.     Settlement of Administrative Claim Held By Sulmeyer Kupetz ("SK")

12.     SK was retained by certain petitioning creditors ("Petitioning Creditors") to file and, if necessary, prosecute an involuntary chapter 7 petition under Bankruptcy Code section 303 against the Debtor.   The chapter 7 involuntary petition was thereafter filed against the Debtor.  The petition was contested by the Debtor.  SK, on behalf of the Petitioning Creditors, rendered services in prosecution of the petition.  Debtor thereafter converted the case to one under chapter 11 of the Bankruptcy Code.

13.     After the Debtor filed its Plan, SK filed an application ("Application") for allowance of compensation for professional services rendered on behalf of the Petitioning Creditors in connection with the case, covering the period from July 16, 2008 through December 11, 2008.  The amount sought by way of the Application is $95,337.93, representing

$86,685.50 in fees and $8,652.43 in costs. On November 20, 2009, the Court entered an order approving SK's Application.

14.    Prior to the commencement of the case, Debtor caused to be deposited with SK, on behalf of one of the Petitioning Creditors, the sum of $27,500 (the "Deposit"), which amount was deposited with SK pursuant to a writ of attachment issued by the Superior Court. The writ was issued in connection with an action commenced by The Cimarron Group against the Debtor and Yari Film Group Releasing, LLC ("YFGR"), a related entity that is also a chapter 11 debtor before this Court.  The monies deposited with SK were funds borrowed by the Debtor from YFGR pre-petition.  I understand that SK has agreed to accept the Deposit towards satisfaction of its claim for purposes of dismissal, and will not receive any further distributions from the Distribution Funds**.**

G.    Proposed Dismissal and Distribution of Funds of the Estate

15.    The estate is comprised of $50,000 in cash.  In addition, Sulmeyer Kupetz ("SK") is holding approximately $27,500 on account of a pre-petition writ of attachment, which was funded by the Debtor through proceeds advanced to the Debtor by its affiliate, Yari Film Group Releasing, LLC.  As a result, I believe that the best case scenario is that the estate is comprised of $77,500.

16.    Notwithstanding the foregoing, and excluding the general unsecured claims, the following administrative and priority claims exist:

Sulmeyer Kupetz ("SK") Ch. 11 admin. expense claim    -    $95,337.93

Levene, Neale, Bender et al. Ch. 11 admin expense claim    -    $76,182.14[3]

Pitney Bowes Ch. 11 admin. expense claim    -    $ 3,416.10

---

[3] I am advised and understand that this amount reflects time billed by LNBRB through January 7, 2010.  After application of available retainer on conversion date (which I am advised is $27,300.07) to the total amount,

Total Ch. 11 administrative expense claims        -        **$174,936.17**

17.    In addition to the foregoing, priority wage claims total approximately $103,223.06[4], and priority tax claims of the City of Los Angeles (Claim Nos. 110 and 111) total $9,913.01.  I am advised and understand that these wage and tax claims are entitled to priority over general unsecured creditors.  Based on the foregoing, before any funds can be distributed to general unsecured creditors, at least $288,072.24 in administrative and unsecured priority claims must be paid.  It is also clear that insufficient funds exist in the estate to satisfy such claims based on the fact that assets of the estate have already been liquidated.  As a result, I believe that this estate is administratively insolvent.

18.    Based on the foregoing, I believe that there is nothing to be accomplished by continuing in Chapter 11 or converting to Chapter 7.  I, therefore, believe that dismissal of the case and distribution of funds in the accordance with the priority scheme of the Bankruptcy Code is appropriate in this case.

19.    In light of the foregoing, I anticipate that estate funds would be distributed as follows:

a.    $27,500 currently held by SK will be released to SK on account of its administrative claim;

b.    $ 3,416.10 will be distributed to Pitney Bowes; and

c.    $46.583.90 will be distributed to LNBRB.

20.    I have reviewed the bills regularly provided to the Debtor by LNBRB and, while LNBRB's total fees and costs exceed the amount available to be paid, I understand that LNBRB has agreed to receive the balance of the funds in full and complete satisfaction of its

---

$48,882.07 remains unpaid.  I have been advised and understand that additional fees and costs will be incurred through the date of hearing on the Motion.

[4] Davand has purchased and obtained the assignment of the priority wage claims of the Debtor's employees.

17

[

1  administrative claims herein. Based on the foregoing, on behalf of the Debtor, I hereby

2  consent and agree that LNBRB's fees and costs should be allowed as requested and paid as set

3  forth hereinabove.

4       21.    To the extent that quarterly payments are owed to the Office of the United

5  States Trustee, such payments will be paid concurrently with the dismissal of the case using

6  the distribution funds from the sale of the Debtor's assets.

7

8       I declare under penalty of perjury pursuant to the laws of the United States of

9  America that the foregoing is true and correct. Executed this __th day of January 2010 at

10  Los Angeles, California.

11

12                                          DENNIS BROWN

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

18

## **DECLARATION OF KRIKOR J. MESHEFEJIAN**

I, Krikor J. Meshefejian, hereby declare as follows:

1.      Except as otherwise indicated, I have personal knowledge of the facts set forth herein, and if called as a witness, could and would testify competently with respect thereto.

2.      I am an attorney at Levene, Neale, bender, Rankin & Brill L.L.P., general bankruptcy counsel for Yari Film Group, Chapter 11 debtor and debtor in possession (the "Debtor").  In preparing this declaration, I have reviewed the court docket for the Debtor's bankruptcy case, as well as numerous pleadings and documents filed with the Court in this case, including, but not limited to, the Debtor's motion to sell its assets, the Debtor's Disclosure Statement, the Debtor's Liquidating Plan, and the involuntary petition filed against the Debtor.

3.      On July 18, 2008 (the "Petition Date"), an involuntary bankruptcy petition under Chapter 7 of the Bankruptcy Code was filed against the Debtor by certain petitioning creditors. The Debtor opposed the involuntary petition, filing a motion to dismiss the case which was denied by the Court.  On December 11, 2008, the Court entered an order for relief in this case (the "Order for Relief"), thereby commencing a Chapter 7 case.  On December 12, 2008, the Debtor filed its motion to convert the Chapter 7 case to one under Chapter 11 of the Bankruptcy Code.  On December 16, 2008, the Court entered its Order granting the Debtor's motion to convert the case.

4.      On March 27, 2009, the Debtor filed a Notice of Motion and Motion To (1) Sell Personal Property Subject To Overbid; and (2) Reject Unexpired Leases And Executory Contracts (the "Sale and Rejection Motion").

5.      On April 28, 2009, the Court held a hearing on the unopposed Sale and Rejection Motion and approved the Debtor's sale of the Property to Davand free and clear of all liens, and an assignment and transfer of the Membership to BYP.  The order approving the sale

transaction and authorizing the rejection of certain leases and executory contracts was entered on June 17, 2009.

6.    On July 1, 2009, the Debtor filed a Chapter 11 Plan of Liquidation (the "Plan").

7.    After the filing of the Plan, SK filed an application ("Application") for allowance of compensation for professional services rendered on behalf of the Petitioning Creditors in connection with the case, covering the period from July 16, 2008 through December 11, 2008.  The amount sought by way of the Application is $95,337.93, representing $86,685.50 in fees and $8,652.43 in costs. On November 20, 2009, the Court entered an order approving SK's Application.

8.    On December 4, 2009, the Debtor filed a Notice of Withdrawal of Debtor's Liquidating Plan, and has now filed this Motion to dismiss the bankruptcy case.

I declare under penalty of perjury pursuant to the laws of the United States of America that the foregoing is true and correct.  Executed this 19th day of January 2010 at Los Angeles, California.

_/s/ Krikor J. Meshefejian_____
KRIKOR J. MESHEFEJIAN

| In re:<br>YARI FILM GROUP, LLC,<br><br>                                    Debtor(s). | CHAPTER  11<br><br>CASE NUMBER  2:08-bk-20830-BR |
|---|---|

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I.
Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
10250 Constellation Boulevard, Suite 1700, Los Angeles, California 90067

The foregoing document described as **NOTICE OF MOTION AND MOTION OF DEBTOR TO APPROVE DISMISSAL OF DEBTOR'S CHAPTER 11 BANKRUPTCY CASE; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF DENNIS BROWN AND DAVID B. GOLUBCHIK IN SUPPORT THEREOF**  will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **January 19, 2010**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

     * Richard A Brownstein     rb@brownsteinllp.com
     * Alicia Clough     alicia.clough@kayescholer.com
     * David B Golubchik     dbg@lnbrb.com
     * Joseph A Kohanski     jkohanski@bushquinonez.com
     * Mette H Kurth     kurth.mette@arentfox.com
     * Krikor J Meshefejian     kjm@lnbrb.com
     * Elissa Miller     emiller@sulmeyerlaw.com
     * Thomas H Prouty      thomas.prouty@troutmansanders.com
     * Jeffrey S Renzi     jrenzi@ssd.com, clopez@ssd.com;ptsui@ssd.com
     * Jeremy V Richards     jrichards@pszjlaw.com, bdassa@pszjlaw.com
     * Derrick Talerico     dtalerico@loeb.com, kpresson@loeb.com;ljurich@loeb.com
     * Alan G Tippie     atippie@sulmeyerlaw.com, jbartlett@sulmeyerlaw.com
     * United States Trustee (LA)     ustpregion16.la.ecf@usdoj.gov
     * Pamela Kohlman Webster     pwebster@buchalter.com

☐     Service information continued on attached page

II.  **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On **January 19, 2010**, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

**VIA U.S. MAIL**
**REQUESTS FOR SPECIAL NOTICE**
**ALL CREDITORS**
**(SEE ATTACHED SERVICE LIST)**

☒     Service information continued on attached page

(PROOF OF SERVICE CONTINUED ON FOLLOWING PAGE)

1

1

2  **III.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for
   each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **January 19, 2010**, I

3  served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing
   to such service method), by facsimile transmission and/or email as follows.  *Listing the judge here*

4  *constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after
   the document is filed.*

5
   **JUDGE'S COURTESY COPY SERVED VIA ATTORNEY MESSENGER DELIVERY:**

6  Hon. Barry Russell
   United States Bankruptcy Court

7  Central District of California
   Los Angeles Division

8  255 E. Temple Street, Suite 1668
   Los Angeles, CA  90012

9                                        ☐   Service information continued on attached page

10 I declare under penalty of perjury under the laws of the United States of America that the foregoing is true
   and correct.

11
    January 19, 2010            Angela Antonio                    /s/ Angela Antonio

12  Date                        Type Name                         Signature

13   This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

14  *January 2009*                                              **F 9013-3.1**

15

16

17

18

19

20

21

22

23

24

25

26

27

28

In re Yari Film Group, LLC
Case No. 2:08-bk-20830
Request for Special Notice

**SERVICE VIA U.S. MAIL EXCEPT WHERE
INDICATED AS SERVED VIA NEF (*)**

Yari Film Group, LLC
10850 Wilshire Boulevard, Sixth Floor
Los Angeles, CA 90024

**SERVED VIA NEF \***
Alan G. Tippie, Esq.
Sulmer**Kupetz**
333 S. Hope Street, 35th Floor
Los Angeles, CA 90071
atippie@sulmeyerlaw.com

**SERVED VIA NEF \***
Office of the U.S. Trustee
725 S. Figueroa Street, Suite 2600
Los Angeles, CA  90012
ustpregion16.la.ecf@usdoj.gov

Counsel for Twentieth Century Fox Home
Entertainment LLC **SERVED VIA NEF \***
Jeremy V. Richards, Esq.
Pachulski Stang Ziehl & Hones LLP
10100 Santa Monica Blvd., 11th Floor
Los Angeles, CA  90067
jrichards@pszjlaw.com

Counsel for Palisades Media Group, Inc.
Ronald J. Grant, Esq.
Tilles, Webb Kulla & Grant, ALC
433 N. Camden Drive, Suite 1010
Beverly Hills, CA  90210
rgrant@twkglaw.com

**SERVED VIA NEF \***
Counsel for Worldwide SPE Acquisitions, Inc.
Pamela K. Webster, Esq.
Buchalter Nemer
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA  90017
pwebster@buchalter.com

Counsel for Hammer Creative
Max J. Sprecher, Esq.
5850 Canoga Ave., 4th Floor
Woodland Hills, CA 91367
max@sprecherlaw.com

Davand Holdings
10850 Wilshire Blvd., 6th Floor
Los Angeles, CA 90024

Yari Film Group, LLC
10850 Wilshire Boulevard, Sixth Floor
Los Angeles, CA 90024

**YFG
MML – UPDATED 1/12/2010
THROUGH CLAIM NO. 149**

U.S. Trustee
Ernst & Young Plaza
725 S. Figueroa Street, 26th Floor
Los Angeles, CA 90017

Accurate Express
P.O. Box 931521
Los Angeles, CA 90093

ADP, Inc.
PO Box 78415
Phoenix, AZ 85062-8415

Aetna
2710 Media Center Drive
Building 6, Suite 120, Attn: 601050
Los Angeles, CA 90065

Aetna-Dental
2710 Media Center Drive
Building 6, Suite 120, Attn: 601034
Los Angeles, CA 90060-1034

Amicus Technology, Inc.
2118 Wilshire Blvd. #430
Santa Monica, CA 90403-5784

AON/Albert G Ruben Insurance Service, In
10880 Wilshire Blvd.
Ste. 700
Los Angeles, CA 90024-4108

Howrayd Wright Employment Agency
Apple One Employment Services
PO Box 29048
Glendale, CA 91209-9048

Arrowhead
PO Box 856158
Louisville, KY 40285-6158

Arthur J. Gallagher & Co.
2370 Gateway Oaks Drive
Suite 100
Sacramento, CA 95833

AT&T - Conference
P.O. Box 2840
Omaha, NE 68103-2840

Avco Center
10850 Wilshire Boulevard
Suite 1050
Los Angeles, CA 90024

Avco Center Corp - 600
10850 Wilshire Blvd
Ste. 1050
Los Angeles, CA 90024

Avco Center Corp - 700
10850 Wilshire Blvd
Ste. 1050
Los Angeles, CA 90024

Avco Center Corp - 770
10850 Wilshire Blvd.
Suite 1050
Los Angeles, CA 90024

Bell, Elizabeth
8341 W. Sunset Blvd. #6
Los Angeles, CA 90069

Berry, Jonathan
243 S. Formosa Ave
Los Angeles, CA 90036

~~BWR Public Relations, Inc.~~
~~Attn: Marc Zinno~~
~~9100 Wilshire Blvd., '6th Fl, West Tower~~
~~Beverly Hills, CA 90212~~
**Address change per p/o – See below**

Carragher, Sarah
4320 Colfax Avenue, #201
Studio City, CA 91604

CBS, Inc.
c/o Martin S. Cole
110 Wall Street, 11th Floor
New York, NY 10005

Chang, Ah Jung
354 LaFayette Park Place, #211
Los Angeles, CA 90057

Chazco
10666 Wellworth Ave
Los Angeles, CA 90024

Clark, David
5009 Woodman Ave.
#214
Sherman Oaks, CA 91423

Creative Artists Agency
9830 Wilshire BL
Beverly Hills, CA 90212

Cummins, Steve
6724 Radlock Avenue
Los Angeles, CA 90056

Daily Variety
c/o Kristi Nielsen
3107 Shelby Street
Harlan, IA 51537

Deluxe Business Checks and Solutions
P.O. Box 742572
Cincinnati, OH 45274-2572

DHL Express
PO Box 4723
Houston, TX 77210-4723

Direct TV
P.O. Box 60036
Los Angeles, CA 90054

Dousette, Kendra
10604 National Blvd., #1
Los Angeles, CA 90034

F & R Interiors
904 S. Robertson Blvd
Los Angeles, CA 00090-0358

~~Federal Express~~
~~PO Box 7221~~
~~Pasadena, CA 91109-7321~~
**Address change per claim filed;
See below**

Fink, Kevin
4229 Hayvenhurst Drive
Encino, CA 91436

Fleetwood Limousine, Ltd
5839 Green Valley Circle,
Suite 102
Culver City, CA 90230

FoodCraft
1625 Riverside Dr.
Los Angeles, CA 90031

Freedom Arthritis & Osteoporosis Center
26357 McBean Parkway, #235
Santa Clarita, CA 91355

FruitGuys, The
405 Victory Avenue #D
South San Francisco, CA 94080

Garg, Sharmila
1626 Garth Avenue
Los Angeles, CA 90024

Gaugler, Peter
1818 Pelham Avenue, #106
Los Angeles, CA 90025

Geissler, Thomas
28231 Trailriders Drive
Rancho Palos Verdes, CA 90275

Genga & Associates
15260 Venture Blvd., 20th FL
Sherman Oaks, CA 91403

Glasser, Richard
4910 Brewster Drive
Tarzana, CA 91356

Grapevine Communications
3904 Berryman Ave
Los Angeles, CA 90066

Gruberg, Amy
24152 Park Riviera
Calabasas, CA 91302

Hammer Creative
c/o Max Sprecher, Esq.
5850 Canoga Avenue, 4th Floor
Woodland Hills, CA 91367

Hasler, Ben
12831 Moorpark Street, #11
Studio City, CA 91604

Holland   Knight
633 West Fifth Street, 21st Floor
Los Angeles, CA 90071-2040

Hollywood Reporter, The
5055 Wilshire Blvd.
Los Angeles, CA 90036-4396

Hollywood.com
c/o Law Offices of Louis Jacobs
11693 San Vicente Blvd. #318
Los Angeles, CA 90049

IFTA Collections, a div. of IFTA
10850 Wilshire Blvd., 9th Floor
Los Angeles, CA 90024

Immerman, William
10850 Wilshire Boulevard, Sixth Fl
Los Angeles, CA 90024

In Sync Advertising
c/o Alan Tippie, Sulmeyer Kupetz
333 South Hope Street, 35th Floor
Los Angeles, CA 90071

Independent Film and Television Alliance
633 West Fifth Street
21st Floor
Los Angeles, CA 90071-2040

Irell & Manella LLP
1800 Ave of the Stars
Los Angeles, CA 90067-4276

Jacobson, Russell, Saltz & Fingerman, LL
10866 Wilshire Boulevard
Suite 1550
Los Angeles, CA 90024-4350

Lambert, Rita
39931 Meadowcrest Way
Palmdale, CA 93551

Laser Printer Services
264 S. La Cienega Boulevard
Suite 1056
Beverly Hills, CA 90211

Lee, Caroline
14807 Hartsook Street
Sherman Oaks, CA 91403

Leinson, Stacey
950 N. Kings Road
West Hollywood, CA 90069

Matsumoto, Marie
14829 Otsego Street
Sherman Oaks, CA 91403

McGraw Hill
c/o Jay N. Applebaum
P.O. Box 19242
Encino, CA 91416

Miller, Linda
11462 Laurelcrest Rd.
Studio City, CA 91604

MON/ERO Construction Co.
20633 Lemmer Street
Chatsworth, CA 91311

Morgerman, Jennifer
5418 Packard Street
Los Angeles, CA 90019

Mutual of Omaha
P.O. Box 541070
Los Angeles, CA 90054-1070

Nahai, Cyrus
1423 15th Street, #6
Santa Monica, CA 90404

National Business Investigations, Inc.
21535 Palomar Street
Suite I
Wildomar, CA 92595

NCO Financial Systems Inc.
P.O. Box 929
Brookfield, WI 53008

Nielsen Business Media
P.O. Box 88907
Chicago, IL 60695-1915

Open Road Entertainment, LLC
c/o Gay Harwin, Esq.
9454 Wilshire Bl., Suite 707
Beverly Hills, CA 90212

Organic To Go Inc.
PO Box 34936
Seattle, WA 34936

OTX Corporation
c/o Paul McNicol, Esq.
75 Rockefeller Plaza, 23rd Floor
New York, NY 10019-6908

Pacific Title
6350 Santa Monica Boulevard
Los Angeles, CA 90038

~~Peterson, Jeremy~~
~~1515 Colby Avenue, #8~~
~~Los Angeles, CA 90025~~
**Address change per p/o 7/9/09;
See below**

~~Pitney Bowes Global~~
~~POB 856460~~
~~Louisville, KY 40285-6460~~
**Change of address per claim
Filed; see below**

Pitney Bowes Global Fin. Serv. LLC
P.O. Box 856460
Louisville, KY 40285

Pitney Bowes Purchase Power
PO Box 856042
Louisville, KY 40285-6042

Plummers
8876 Venice Boulevard
Los Angeles, CA 90034

Poole, Noel
900 Via Nogales
Palos Verdes, CA 90274

R.B. Zack & Associates, Inc.
23844 Hawthorne Boulevard
Suite 101
Torrance, CA 90505

Ramoska, Molly
137 S. Crescent Dr. #4
Beverly Hills, CA 90212

Reed, Michelle
367 N. Genesee Avenue #4
Los Angeles, CA 90036

Reliable Plant Service, Inc.
1116 8th St.
Suite E
Manhattan Beach, CA 90266

Rosenthal, Whitney
515 Ocean Avenue, #5085
Santa Monica, CA 90402

Rossi, Melissa
4770 Kester Avenue, #108
Sherman Oaks, CA 91403

RSM McGladrey, Inc.
3880 Lemon Street
Suite 400
Riverside, CA 92501-3342

Secretary of the State of CA
P.O. Box 942877
Sacramento, CA 94277

Seidel, Julia
4491 1/4 S. Rexford Drive
Beverly Hills, CA 90212

Silver Pacific Advisors
3800 Howard Hughes Parkway
7th Floor
Las Vegas, NV 89169

Sinclair Communications, Inc.
1215 Cole Street
Saint Louis, MO 63106

Sitrick And Company, Inc.
1840 Century Park East, Suite 800
Los Angeles, CA 90067

South Coast Refreshments
33041 Calle Aviador #A
San Juan Capistrano, CA 92675

Southland Shredding
6331 Haven Avenue
Suite 13
Rancho Cucamonga, CA 91737

Standard Parking
1055 West 7th Street
Suite 1500
Los Angeles, CA 90017

State Fund
P.O. Box 7854
San Francisco, CA 94120-7854

Stolnitz, Skye
5501 Willis Avenue
Van Nuys, CA 91411

Szeto, David
2114 Colby #103
Los Angeles, CA 90025

Telepacific Communications
PO Box 526015
Sacramento, CA 95852-6015

The Cimmaron Group
c/o Alan Tippie, Sulmeyer Kupetz
333 South Hope Street, 35th Floor
Los Angeles, CA 90071

Triyar Companies, LLC
10850 Wilshire Blvd.
Ste. 1050
Los Angeles, CA 90024

Turner Broadcasting System Inc.
c/o David C. Vigilante, Esq.
One CNN Center NW, NY 1312A
Atlanta, GA 30303

Unverzagt - von Have
Rechtsanwalte
Rothenbaumchaussee 43
Hamburg,  **GERMANY**

Vinson & Elkins LLP
PO Box 200113
Houston, TX 77216-0113

Vonhungen, Alex
3709 Jasmine Avenue, #6
Los Angeles, CA 90034

Westlaw- West
PO Box 6292
Carol Stream, IL 60197-6292

Williams Data Protection Services
1925 E. Vernon Avenue
Los Angeles, CA 90058

Williams Records Management
1925 East Vernon Ave
Los Angeles, CA 90058

Winthrop Couchot-Opera
660 Newport Center Drive 4th Fl
Newport Beach, CA 92660

Xerox Corporation
POB 7405
Pasadena, CA 91109-7405

Xeta Technologies, Inc.
Commercial Division
PO Box. 678071
Dallas, TX 75267-8071

Yari Film Group Section 125 Holding
10850 Wilshire Boulevard
Sixth Floor
Los Angeles, CA 90024

YP.Com
Accounting Department
2490 Sunset Road, Suite 100
Las Vegas, NV 89120

Jeremy John Peterson
1195 McClellan Drive
Los Angeles, CA 90049

A / V Squad, Inc.
Law Offices Levy, McMahon, Levin
16830 Ventura Blvd., Ste 500
Encino, CA 91436

Alloy, Inc.
10880 Wilshire Blvd.
Suite 2240
Los Angeles, CA 90024

Cinedigm Digital Cinema Corp.
Attn:  Christopher Rios
55 Madison Ave
Morristown, NJ 07960

Clear Channel Radio Detroit
The Guerrini Law Firm
750 E. Green St., Ste. 200
Pasadena, CA 91101

City of Los Angeles, Office of Finance
L.A. City Attorneys Office
200 No. Main Street, Ste. 920
Los Angeles, CA 90012

Communications Credit  & Recovery Corp
100 Garden City Plaza
Suite 222
Garden City, NY 11530

Discovery Communications (4109)
c/o Szabo Associates, Inc.
3355 Lenox Road NE, 9th Floor
Atlanta, GA 30326

Discovery Comm (Animal Planet)
c/o Szabo Associates, Inc.
3355 Lenox Road NE, 9th Floor
Atlanta, GA 30326

Fedex Customer Info Svc
Attn:  Rev Recovery/Bkcy
3965 Airways Bl, Module G 3rd Floor
Memphis, TN 38116

Foto Kem Inc
Donna Cottone
2801 W Alameda Ave
Burbank, CA 91505

Gravillis Inc
1266 Meadowbrook Ave
Los Angeles, CA 90019

KARE Television (1220)
c/o Szabo Associates, Inc.
3355 Lenox Road NE, 9th Floor
Atlanta, GA 30326

KASW Television (9095)
c/o Szabo Associates, Inc.
3355 Lenox Road NE, 9th Floor
Atlanta, GA 30326

KCRA Television (493)
c/o Szabo Associates, Inc.
3355 Lenox Road NE, 9th Floor
Atlanta, GA 30326

KDNL-TV
Communications Credit & Recovery Corp.
100 Garden City Plaza, #222
Garden City, NY 11530

KDVR TELEVISION (5512)
c/o Szabo Associates, Inc.
3355 Lenox Road NE, 9th Floor
Atlanta, GA 30326

KFMB Television (540)
c/o Szabo Associates, Inc.
3355 Lenox Road NE, 9th Floor
Atlanta, GA 30326

KHOU Television (23167211)
c/o Szabo Associates, Inc.
3355 Lenox Road NE, 9th Floor
Atlanta, GA 30326

KING Television (9095)
c/o Szabo Associates, Inc.
3355 Lenox Road NE. 9th Floor
Atlanta, GA 30326

KIRO Television (6303)
c/o Szabo Associates, Inc.
3355 Lenox Road NE, 9th Floor
Atlanta, GA 30326

KMOV Television (9095)
c/o Szabo Associates, Inc.
3355 Lenox Road NE, 9th Floor
Atlanta, GA 30326

KNBC Television (626)
c/o Szabo Associates, Inc.
3355 Lenox Road NE, 9th Floor
Atlanta, GA 30326

KNSD Television (23418680)
c/o Szabo Associates, Inc.
3355 Lenox Road NE, 9th Floor
Atlanta, GA 30326

Nielson Business Media
Attn:  Ryan Ramduss
770 Broadway, 8th Floor
New York, NY 10003

Pitney Bowes, Inc
27 Waterview Dr
Shelton, CT 06484

Sinclair Media III Inc
5177 Fishwick Drive
Cincinnati, OH 45216

Star Insurance Company
James W Coupe, Esq., Klinedinst PC
777 S.Figueroa St., 47th Floor
Los Angeles, CA 90017

WBFF / WNUV
2000 W. 41st St.
Baltimore, MD 21211

WRTV-TV
Communications Credit & Recovery Corp.
100 Garden City Plaza, #222
Garden City, NY 11530

WCUW TV
1640 Como Ave
St Paul, MN 55108

Xerox Capital Services
Attn:  Vanessa Adams
PO Box 660506
Dallas, TX 75266-9937

XL Reinsurance America Inc
James W Coupe / c/o Klinedist PC
777 S. Figueroa St., 47th Floor
Los Angeles, CA 90017

Tiffany Strelow Cobb
Vorys Sater Seymour & Pease
52 East Gay St
Columbus, OH 43215

WVEC Television (9095)
c/o Szabo Associates, Inc.
3355 Lenox Road NE, 9th Floor
Atlanta, GA 30326

WXIA Television (277)
c/o Szabo Associates, Inc.
3355 Lenox Road NE, 9th Floor
Atlanta, GA 30326

XETV Television (392)
c/o Szabo Associates, Inc.
3355 Lenox Road NE, 9th Floor
Atlanta, GA 30326

WTVJ Television (626)
c/o Szabo Associates, Inc.
3355 Lenox Road NE, 9th Floor
Atlanta, GA 30326

WUSA Television (518)
c/o Szabo Associates, Inc.
3355 Lenox Road NE, 9th Floor
Atlanta, GA 30326

WSOC Television 227
c/o Szabo Associates, Inc.
3355 Lenox Road NE, 9th Floor
Atlanta, GA 30326

WSVN Television 47
c/o Szabo Associates, Inc.
3355 Lenox Road NE, 9th Floor
Atlanta, GA 30326

WTAE Television 232
c/o Szabo Associates, Inc.
3355 Lenox Road NE, 9th Floor
Atlanta, GA 30326

WTSP Television 6307
c/o Szabo Associates, Inc.
3355 Lenox Road NE, 9th Floor
Atlanta, GA 30326

WRC Television 626
c/o Szabo Associates, Inc.
3355 Lenox Road NE, 9th Floor
Atlanta, GA 30326

WSB Television 218
c/o Szabo Associates, Inc.
3355 Lenox Road NE, 9th Floor
Atlanta, GA 30326

WPGH- FOX 53
D Winters
750 Ivory Ave
Pittsburgh, PA 15214

WPLG Television 187
c/o Szabo Associates, Inc.
3355 Lenox Road NE, 9th Floor
Atlanta, GA 30326

WRAL Television 197
c/o Szabo Associates, Inc.
3355 Lenox Road NE, 9th Floor
Atlanta, GA 30326

WRAZ Television 7579
c/o Szabo Associates, Inc.
3355 Lenox Road NE, 9th Floor
Atlanta, GA 30326

WMOR Television
c/o Szabo Associates, Inc.
3355 Lenox Road NE, 9th Floor
Atlanta, GA 30326

WMYD Television 7113
c/o Szabo Associates, Inc.
3355 Lenox Road NE, 9th Floor
Atlanta, GA 30326

WNBC Television 626
c/o Szabo Associates, Inc.
3355 Lenox Road NE, 9th Floor
Atlanta, GA 30326

WKYC Television 2038
c/o Szabo Associates, Inc.
3355 Lenox Road NE, 9th Floor
Atlanta, GA 30326

WLVI Television 7088
c/o Szabo Associates, Inc.
3355 Lenox Road NE, 9th Floor
Atlanta, GA 30326

WMAQ Television 626
c/o Szabo Associates, Inc.
3355 Lenox Road NE, 9th Floor
Atlanta, GA 30326

WJLA Televison 132
c/o Szabo Associates, Inc.
3355 Lenox Road NE, 9th Floor
Atlanta, GA 30326

WJXT Television
c/o Szabo Associates, Inc.
3355 Lenox Road NE, 9th Floor
Atlanta, GA 30326

WKCF Televison 8783
c/o Szabo Associates, Inc.
3355 Lenox Road NE, 9th Floor
Atlanta, GA 30326

WKMG Television 6926
c/o Szabo Associates, Inc.
3355 Lenox Road NE, 9th Floor
Atlanta, GA 30326

WGCL Television 750
c/o Szabo Associates, Inc.
3355 Lenox Road NE, 9th Floor
Atlanta, GA 30326

WHDH Television 212
c/o Szabo Associates, Inc.
3355 Lenox Road NE, 9th Floor
Atlanta, GA 30326

WHQT-FM 6282
c/o Szabo Associates, Inc.
3355 Lenox Road NE, 9th Floor
Atlanta, GA 30326

WEWS Television 73
c/o Szabo Associates, Inc.
3355 Lenox Road NE, 9th Floor
Atlanta, GA 30326

WFAA Television 9095
c/o Szabo Associates, Inc.
3355 Lenox Road NE, 9th Floor
Atlanta, GA 30326

WFLA TV 78
c/o Szabo Associates, Inc.
3355 Lenox Road NE, 9th Floor
Atlanta, GA 30326

WFTS Television 1742
c/o Szabo Associates, Inc.
3355 Lenox Road NE, 9th Floor
Atlanta, GA 30326

WDIV Television 269
c/o Szabo Associates, Inc.
3355 Lenox Road NE, 9th Floor
Atlanta, GA 30326

WEDR-FM 6282
c/o Szabo Associates, Inc.
3355 Lenox Road NE, 9th Floor
Atlanta, GA 30326

WESH Television 72
c/o Szabo Associates, Inc.
3355 Lenox Road NE, 9th Floor
Atlanta, GA 30326

WCNC Television 9095
c/o Szabo Associates, Inc.
3355 Lenox Road NE, 9th Floor
Atlanta, GA 30326

WCPO Television 52
c/o Szabo Associates, Inc.
3355 Lenox Road NE, 9th Floor
Atlanta, GA 30326

WCVB Television 2676
c/o Szabo Associates, Inc.
3355 Lenox Road NE, 9th Floor
Atlanta, GA 30326

WCWJ TV
c/o Szabo Associates, Inc.
3355 Lenox Road NE, 9th Floor
Atlanta, GA 30326

WCCB Television
c/o Szabo Associates, Inc.
3355 Lenox Road NE, 9th Floor
Atlanta, GA 30326

WCFB-FM (1140)
c/o Szabo Associates, Inc.
3355 Lenox Road NE, 9th Floor
Atlanta, GA 30326

WCIU Television 1855
c/o Szabo Associates, Inc.
3355 Lenox Road NE, 9th Floor
Atlanta, GA 30326

WBNX Television 2749
c/o Szabo Associates, Inc.
3355 Lenox Road NE, 9th Floor
Atlanta, GA 30326

WBTS-FM 217
c/o Szabo Associates, Inc.
3355 Lenox Road NE, 9th Floor
Atlanta, GA 30326

WCAU Television 626
c/o Szabo Associates, Inc.
3355 Lenox Road NE, 9th Floor
Atlanta, GA 30326

WATL Television 3477
c/o Szabo Associates, Inc.
3355 Lenox Road NE, 9th Floor
Atlanta, GA 30326

WAWS Television 3281
c/o Szabo Associates, Inc.
3355 Lenox Road NE, 9th Floor
Atlanta, GA 30326

WBAL Television 16
c/o Szabo Associates, Inc.
3355 Lenox Road NE, 9th Floor
Atlanta, GA 30326

TV One, LLC 8544
c/o Szabo Associates, Inc.
3355 Lenox Road NE, 9th Floor
Atlanta, GA 30326

USA 626
c/o Szabo Associates, Inc.
3355 Lenox Road NE, 9th Floor
Atlanta, GA 30326

WALR-FM 217
c/o Szabo Associates, Inc.
3355 Lenox Road NE, 9th Floor
Atlanta, GA 30326

Laser Printer Services
264 S. La Cienega Blvd., Ste. 1056
Beverly Hills, CA 90211

Lifetime Television 3653
c/o Szabo Associates, Inc.
3355 Lenox Road NE, 9th Floor
Atlanta, GA 30326

NBC 626
c/o Szabo Associates, Inc.
3355 Lenox Road NE, 9th Floor
Atlanta, GA 30326

KTVX Television 533
c/o Szabo Associates, Inc.
3355 Lenox Road NE, 9th Floor
Atlanta, GA 30326

KUSA Television 295
c/o Szabo Associates, Inc.
3355 Lenox Road NE, 9th Floor
Atlanta, GA 30326

KXAS TELEVISION 626
c/o Szabo Associates, Inc.
3355 Lenox Road NE, 9th Floor
Atlanta, GA 30326

KYGO Television 799
c/o Szabo Associates, Inc.
3355 Lenox Road NE, 9th Floor
Atlanta, GA 30326

KSTU Television 3740
c/o Szabo Associates, Inc.
3355 Lenox Road NE, 9th Floor
Atlanta, GA 30326

KTVI Television 372
c/o Szabo Associates, Inc.
3355 Lenox Road NE, 9th Floor
Atlanta, GA 30326

KTVK Television
c/o Szabo Associates, Inc.
3355 Lenox Road NE, 9th Floor
Atlanta, GA 30326

KQCA Television 2617
c/o Szabo Associates, Inc.
3355 Lenox Road NE, 9th Floor
Atlanta, GA 30326

KSDK Television 361
c/o Szabo Associates, Inc.
3355 Lenox Road NE, 9th Floor
Atlanta, GA 30326

KSL Television
c/o Szabo Associates, Inc.
3355 Lenox Road NE, 9th Floor
Atlanta, GA 30326

KPHO Television 348
c/o Szabo Associates, Inc.
3355 Lenox Road NE, 9th Floor
Atlanta, GA 30326

KPLR Television
c/o Szabo Associates, Inc.
3355 Lenox Road NE, 9th Floor
Atlanta, GA 30326

KPNX Television
c/o Szabo Associates, Inc.
3355 Lenox Road NE,  9th Floor
Atlanta, GA 30326

KPRC Television
c/o Szabo Associates, Inc.
3355 Lenox Road NE,  9th Floor
Atlanta, GA 30326

KNTV Television
c/o Szabo Associates, Inc.
3355 Lenox Road NE, 9th Floor
Atlanta, GA 30326

KNXV Television
c/o Szabo Associates, Inc.
3355 Lenox Road NE, 9th Floor
Atlanta, GA 30326

KOMO Television
c/o Szabo Associates, Inc.
3355 Lenox Road NE, 9th Floor
Atlanta, GA 30326

BWR Public Relations, Inc
5700 Wilshire Blvd.
Suite 550
Los Angeles, CA 90036

WTHR/Video-Indiana
c/o Judy McQuoid
1000 N. Meridian
Indianapolis, IN 46204

Channel 39 Inc/WSFL
200 Las Olas Blvd 11th Floor
Ft Lauderdale FL 33301

KTLA TV
5800 Sunset Blvd
Hollywood CA 90028
Attn: Alice Nunberg

McKinnon Broadcasting Co
PO Box 719051
San Diego CA 92171

WGNO TV
One Galleria Blvd
Ste 850
Metairie LA 70001

WGNO TV
One Galleria Blvd
Ste 850
Metairie LA 70001

Turner Broadcasting System, Inc.
c/o Garrett A. Nail, Esq.
Troutman Sanders LLP
600 Peachtree St.
Suite 5200
Atlanta, GA 30308

The Cimarron Group
Theodore W Frank, Esq.
Parker Shumaker Mills LLP
801 S Figueroa St Ste 1200
Los Angeles, CA 90017

Pilot Boy Productions, Inc.
c/o Squire Sanders & Dempsey, LLP
4900 Key Tower
127 Public Square
Cleveland, OH 44114

Corey Smyth
c/o Squire Sanders & Dempsey LLP
4900 Key Tower, 127 Public Square
Cleveland, Ohio 44012
Attn: Fred Nance & Sherri Dahl

Kanye West
c/o Squire Sanders & Dempsey LLP
4900 Key Tower, 127 Public Square
Cleveland, Ohio 44012
Attn: Fred Nance & Sherri Dahl

Mos Def
c/o Squire Sanders & Dempsey LLP
4900 Key Tower, 127 Public Square
Cleveland, Ohio 44012
Attn: Fred Nance & Sherri Dahl

Talib Kweli
c/o Squire Sanders & Dempsey LLP
4900 Key Tower, 127 Public Square
Cleveland, Ohio 44012
Attn: Fred Nance & Sherri Dahl

Common
c/o Squire Sanders & Dempsey LLP
4900 Key Tower, 127 Public Square
Cleveland, Ohio 44012
Attn: Fred Nance & Sherri Dahl

Erykah Badu
c/o Squire Sanders & Dempsey LLP
4900 Key Tower, 127 Public Square
Cleveland, Ohio 44012
Attn: Fred Nance & Sherri Dahl

Jill Scott
c/o Squire Sanders & Dempsey LLP
4900 Key Tower, 127 Public Square
Cleveland, Ohio 44012
Attn: Fred Nance & Sherri Dahl

the Roots
c/o Squire Sanders & Dempsey LLP
4900 Key Tower, 127 Public Square
Cleveland, Ohio 44012
Attn: Fred Nance & Sherri Dahl

the Fugees
c/o Squire Sanders & Dempsey LLP
4900 Key Tower, 127 Public Square
Cleveland, Ohio 44012
Attn: Fred Nance & Sherri Dahl

Dead Prez
c/o Squire Sanders & Dempsey LLP
4900 Key Tower, 127 Public Square
Cleveland, Ohio 44012
Attn: Fred Nance & Sherri Dahl

Cody ChesnuTT
c/o Squire Sanders & Dempsey LLP
4900 Key Tower, 127 Public Square
Cleveland, Ohio 44012
Attn: Fred Nance & Sherri Dahl

Big Daddy Kane
c/o Squire Sanders & Dempsey LLP
4900 Key Tower, 127 Public Square
Cleveland, Ohio 44012
Attn: Fred Nance & Sherri Dahl

KCOP-TV
Attn Kent Yamoyoshi
1999 So Bundy Dr
Los Angeles CA 90025

WPIX-TV
220 East 42nd Street 10th Flr
New York NY 10017

KTTV-TV
1999 So Bundy Dr
Los Angeles CA 90025
ATTN Kent Yamoyoshi

OTX CORPORATION
THEODORE W. FRANK, ESQ
PARKER SHUMAKER MILLS LLP
801 S. FIGUEROA ST STE 1200
LOS ANGELES, CA 90017

KCAL-TV
Attn Angela Yip
4200 Radford Ave
Studio City CA 91604

Ascent Media Group LLC
John E Tiedt ESQ
980 Montecito Drive Ste 209
Corona CA 92879

IN SYNC ADVERTISING
6135 WILSHIRE BLVD
LOS ANGELES CA 90048

RADIO ONE INC
5900 PRINCESS GARDEN PKWY 7TH
FL
LANHAM MD 20706

FX Network, LLC
10201 W Pico Blvd
Los Angeles, CA 90035

WRIC-TV (Young Broadcasting of
Richmond)
115 S Jefferson St
Green Bay WI 54301

T-H-E Artist Agency
1207 Potomac St. NW
Washington, DC 20007

Mary McKenna
NBC Universal Corp
30 Rockefeller Plaza, Room 5153E
New York, NY 10112

WTTV-TV
6190 NETWORK PLACE
INDIANAPOLIS, IN 46278

WXIN-TV
6190 Network Place
Indianapolis,IN 46278

CBS Outdoor Inc.
Susan Larsen
Cheifetz Iannitelli Marcolini P.C.
1850 N Central Ave 19th flr
Phoenix Az 85004

KSTP-TV LLC
3415 University Ave
Saint Paul, MN 55114

THE CW NETWORK LLC
C/O DANA ABEL
3300 W OLIVE AVE BLDG 168 RM 3074
BURBANK CA 91505

Deluxe Digital Media Management Inc
Attn Warren Stein
1377 North Serrano Avenue
Hollywood CA 90027